Boynton, O. J.
The question presented by the application of the relator involves the construction of section 550 of the Revised Statutes. The section provides, that “ in every instance where a judge of the court of common pleas is interested in the event of a cause, proceeding, motion, or matter pending before the court in any county of his district, or where there is not a quorum of the judges of the district court of any district, by reason of interest, on affidavit of either party to such cause, proceeding, &c., or his counsel showing the fact of such interest, the clerk of the court shall enter upon the docket thereof an order directing that the papers and all matters belonging to the cause and proceeding in which such judge of the court of common pleas or of the district court, is interested, if in the district court, shall be transmitted to the clerk of the court of a county of one of the adjoining districts; if in the court of common pleas then to the clerk of the court of common pleas of an adjoining county of another subdivision, where practicable, of the same district: where not, then to an adjoining county of another districtthe cause to be docketed, and to proceed to final judgment or determination in the county to which the same is transmitted, in all respects as if originally brought within said county. We do not concur in the construction that counsel for the relator gives to this provision of the statute. The interest which disqualifies the judge and requires the cause to be certified to an adjoining county, is an interest in the event of the cause or proceeding. This we think plainly means an interest in the issue, result or outcome of the trial, or adjudication. It is doubtless true, that an attorney who has been retained by a party to try the action, may be said in one sense to be interested therein, but we think he cannot, from that fact, *155 be said to be interested in tbe event or result of tbe trial within tbe meaning or intendment of tbe statute. Formerly, tbe rule prevailed at common law, that no one could testify as a witness in a cause who was interested in its result, but tbe interest that disqualified was held to be some' immediate or beneficial interest in tbe judgment to be rendered, or in tbe record as an instrument of evidence. Starkie on Ev. 10 ed. 118. To have excluded an attorney as a witness, especially after be bad dissolved bis connection with tbe cause, on tbe mere ground that from bis connection therewith be was interested in its result, would have been to extend or carry tbe rule far beyond its object and limitations. Tbe transmission of a cause for trial to another county is so often attended with so much inconvenience, as well as a large additional expense to tbe parties, that tbe legislature ought not to be held to have required it, except upon language of' tbe clearest import. It will be seen that tbe present statute is quite different in its phraseology" from tbe section of tbe act to which construction was given in Rawson v. Boughton, 5 Ohio, 328.
That section provided, “ that if, in any suit or action in tbe court of common pleas, it shall so happen that there is not a sufficient number of disinterested judges of such court, to sit on the trial of any particular cause then and there pending,. it shall be tbe duty of such court, on tbe application of either party, to cause the fact to be entered on tbe minutes of the court, and also to order an authenticated copy thereof, with all tbe proceedings in such suit or action, to be forthwith certified to tbe next supreme court of tbe county.” One of tbe associate judges of tbe court was interested in tbe subject-matter of tbe action, and tbe president judge bad been of counsel for one of tbe parties in tbe matter in litigation. Tbe case was certified to tbe supreme court of tbe county and a motion to dismiss tbe cause for want of jurisdiction was overruled. In giving judgment tbe court remarked: “ Tbe case is one within tbe inconvenience intended to be provided for, as well as within tbe letter of tbe statute. We would rather prefer to aid tbe full administration of justice by a liberal construction of tbe terms used, than to adopt a strained one to divest ourselves of juris *156 diction.” The act under consideration in that case did not require the cause to be removed from the county, but required the same to be certified into a higher court to be held in the same county, when it appeared that there was no quorum of disinterested judges in the Court of common pleas before whom the cause could be tried. The interest of the president judge of the court of common pleas was held to be a disqualifying interest within the meaning of the statute.
The act, however, of February 19, 1852, “ relating to the organization of courts of justice, and their powrers and duties,” enacted soon. after the present constitution took effect, established a different rule. 50 O. L. 67. By section 16 of that act, it was provided that whenever a judge of the court of common pleas should be interested in the event of any cause or matter pending before said court, in any county of his district, it should be the duty of the other judges of the district, or one of them, to attend, and hold the court wherein such cause or matter was pending for the trial of the same ; and if all three of the common pleas judges should be interested in the event of any cause or matter pending in their district, the same should be removed for trial into the nearest county in an adjacent district, under the order of the court wherein the cause was instituted. The disqualifying interest provided for in this section, and which has been carried into all subsequent statutes, was an interest of a personal nature in the event of the cause or matter pending, as distinguished from a mere desire as respects the ultimate disposition of the case. 53 O. L. 25; 1 S. & C. 387. One of the-changes which the amendment of the act of 1852 effected, required that the cause should be certified out of the county, where it appteared that the judge was interested in its event, instead of requiring a judge of another subdivision, but of the same district, to attend and conduct the trial in the county where the action was originally brought. But this change in nowise affected the character of the interest which disqualified the judge from sitting on the trial, or which authorized the cause to be removed to an adjacent county.
The interest which is required to justify the removal is one of a pecuniary character, without which the order directing the *157 removal is not authorized. This construction not only carries into effect the intent of the legislature, as indicated by the language used, but it obviates great inconvenience and expense to the parties.
That there is an obvious impropriety in a judge’s sitting at the trial of a case in which he has been counsel, no one can doubt; and no judge, formerly of counsel, who properly appreciates his duty, and has a proper regard for the impartial administration of justice, will for a moment hesitate to decline the service, without at least the consent of all the parties to the action. From the number of judges in the several judicial districts of the state, it cannot be difficult to procure the attendance of one wholly impartial to try any cause, which from considerations of delicacy, a resident judge of the subdivision, although legally competent, may be unwilling to try. It does not, however, follow, from the fact that a judge may refuse to try a cause, that it therefore falls within the class of cases to be certified out of the county. The legislature has limited this class to cases in which the judge has more of an interest than that arising from the mere relation of counsel to client, and as this was all the interest shown to exist in the present case, the writ must be refused.

Writ refused.